UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CYNTHIA VALDEZ SHANK,

       Movant,

                                            File No. 1:11-cv-279

v.

                                            HON. ROBERT HOLMES BELL

UNITED STATES OF AMERICA,

       Respondent.

                                  /

**O P I N I O N**

This matter is before the Court on Movant Cynthia Valdez Shank's motion pursuant to 28 U.S.C. § 2255, to vacate, set aside, or correct her sentence. For the reasons that follow, her motion will be denied.

Movant was indicted on May 8, 2007, on the following charges: (1) conspiracy to possess with the intent to distribute and to distribute more than five kilograms of cocaine, 50 grams of cocaine base, and 1,000 kilograms of marijuana, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A); (2) possession with intent to distribute 20 kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(ii) and 18 U.S.C. § 2; (3) possession with intent to distribute one kilogram of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(iii) and 18 U.S.C. § 2; and (4) possession with intent to distribute 40 pounds of marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(D) and 18 U.S.C. § 2. *United States v. Shank*, Case No. 1:07-CR-06-1 (W.D. Mich. July 29, 2008; Dkt. No.

122, Second Sup. Ind.)  Movant was convicted after a trial by jury on October 9, 2007, and sentenced to 120 months' imprisonment concurrently on counts 1-3 to run consecutively with 60 months' imprisonment on count 4, followed by five years of supervised release. (1:07-CR-06-1, Dkt. No. 500, Sent. Tr. 23.)  Movant appealed on March 14, 2008, and her conviction was affirmed on January 12, 2010. *United States v. Benson*, 591 F.3d 491 (6th Cir. 2010). Movant petitioned the United States Supreme Court for a writ of certiorari which was denied on March 25, 2010. (1:07-CR-06-1, Dkt. Nos. 525, 531.)  Movant filed her § 2255 motion on March 21, 2011.  Movant seeks relief based on ineffective assistance of counsel. (Dkt. No. 1.)

## II.

A prisoner who moves to vacate her sentence under § 2255 must show that the sentence was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such sentence, that the sentence was in excess of the maximum authorized by law, or that it is otherwise subject to collateral attack. 28 U.S.C. § 2255. To prevail on a § 2255 motion "a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)). Non-constitutional errors are generally outside the scope of § 2255 relief. *United States v. Cofield*, 233 F.3d 405, 407 (6th Cir. 2000). A petitioner can prevail on a § 2255 motion

alleging non-constitutional error only by establishing a "fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (quoting *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir.1990) (internal quotations omitted)).

As a general rule, claims not raised on direct appeal are procedurally defaulted and may not be raised on collateral review unless the petitioner shows either 1) "cause" and "actual prejudice"; or 2) "actual innocence." *Massaro v. United States*, 538 U.S. 500, 504 (2003); *Bousley v. United States*, 523 U.S. 614, 621-22 (1998); *United States v. Frady*, 456 U.S. 152, 167-68 (1982). An ineffective assistance of counsel claim, however, is not subject to the procedural default rule. *Massaro*, 538 U.S. at 504. An ineffective assistance of counsel claim may be raised in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal. *Id*.

A court is required to grant a hearing to determine the issues and make findings of fact and conclusions of law on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ." 28 U.S.C. § 2255(b). No evidentiary hearing is required if the petitioner's allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007) (quoting *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)). "If

3

it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." Rules Governing § 2255 Cases, Rule 4(b). Where the judge considering the § 2255 motion also conducted the trial, the judge may rely on his or her recollections of the trial. *Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996).

### III.

Movant seeks relief based on ineffective assistance of counsel. Movant claims that Counsel was ineffective for failing to: (1) instruct the jury on the defense of duress; (2) present expert testimony regarding Battered Women's Syndrome (BWS); (3) properly investigate the case; and (4) move for the suppression of Movant's taped statements. (Dkt. No. 1-1.)

To make out a claim of ineffective assistance of counsel, a movant must show that counsel's representation fell below an objective standard of reasonableness, and that counsel's deficient performance prejudiced the movant. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id.* at 686. Movant must show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. In determining whether counsel's performance was deficient, the inquiry "must be highly deferential":

4

> A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. . . . [A] court must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. . . . A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment.

*Id.* at 689-90. The Supreme Court has "declined to articulate specific guidelines for appropriate attorney conduct and instead [has] emphasized that the proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Wiggins v. Smith*, 539 U.S. 510, 521 (2003) (quoting *Strickland*, 466 U.S. at 688) (internal quotation marks omitted)). A court may dispose of a claim if the defendant fails to carry her burden of proof on either the performance or the prejudice prong. *Strickland*, 466 U.S. at 697. Because counsel is presumed to be competent, the burden rests on the movant to show a constitutional violation. *United States v. Cronic*, 466 U.S. 648, 658 (1984) (citing *Michel v. Louisiana*, 350 U.S. 91, 100-01 (1955)). Unless a movant can show specific errors made by counsel which undermined the adversarial process, there is generally no basis for finding a Sixth Amendment violation. *Strickland*, 466 U.S. at 696-96.

To sufficiently allege deficient performance, Movant must also show a reasonable probability that the defense would have succeeded. *Jackson v. United States*, 54 F. App'x 594, 596 (6th Cir. 2001); *Northrop v. Trippett*, 265 F.3d 372 (6th Cir. 2001). Strategic choices by counsel do not rise to the level of a Sixth Amendment violation. *McMeans v. Brigano*, 228 F.3d 674, 682 (6th Cir. 2000). Movant must show that Counsel's actions were

not supported by a reasonable strategy and that the error was prejudicial. *Massaro*, 538 U.S. at 501. "[A] court must indulge a 'strong presumption' that counsel's conduct falls within the wide range of reasonable professional assistance because it is all too easy to conclude that a particular act or omission of counsel was unreasonable in the harsh light of hindsight." *Bell v. Cone*, 535 U.S. 685, 702 (2002). Defendants alleging ineffective assistance of counsel bear "a heavy burden of proof." *Whiting v. Burt*, 395 F.3d 602, 617 (6th Cir. 2005).

The difficulty of overcoming that general presumption is even greater in cases involving "strategic decisions" by counsel which are viewed as "virtually unchallengeable." *Logan v. United States*, 434 F.3d 503, 510 n.1 (6th Cir. 2006). A strategic decision requires the assessment and balancing of perceived benefits against perceived risks. *United States v. Kozinski*, 16 F.3d 795, 816 (7th Cir.1994). An allegation of "deficient performance" would require the defendant to establish that his attorney failed to make a specific motion or objection that would have succeeded, with no resultant tactical disadvantage. *See also Donaldson v. United States*, 379 F. App'x 492, 493 (6th Cir. 2010).

*A. Failure to instruct the jury on the duress defense*

First, Movant claims that Counsel was ineffective for failing to secure a jury instruction on her defense of duress. (Dkt. No. 1-1, Insert 1.) While supplemental instructions must be given in a way that will clear away the difficulties on a particular issue, they must be viewed in light of the entire trial and previous instructions. *See United States v. Lee*, 991 F.2d 343, 350 (6th Cir. 1993). "If the issue that is the subject of an inquiry has

been fully covered in the court's instructions, a reference to or rereading of the instructions may suffice." *United States v. Nunez*, 889 F.2d 1564, 1569 (6th Cir. 1989). Even a "misstatement in one part of the [jury] charge does not require reversal if elsewhere in the instruction the correct information is conveyed to the jury in a clear and concise manner." *United States v. Nelson*, 27 F.3d 199, 202 (6th Cir. 1994) (quoting *United States v. Pope*, 561 F.2d 663, 670 (6th Cir. 1977)).

Despite Movant's claim, Counsel did present a defense of "coercion" at trial. He raised it during the testimony of Cynthia Shank and other witnesses, and in his closing argument. (1:07-CR-6-1, Dkt. No. 466, Trial Tr. V 918-24). Counsel stated that he "requested the coercion jury instruction and the Court gave that instruction." (Dkt. No. 14, Nichols Aff. 1.) In the Sixth Circuit, the defenses of coercion and duress are the same. Sixth Circuit Pattern Criminal Jury Instruction 6.05 is captioned "Coercion/Duress," indicating that the instruction covers a single defense. Sixth Circuit Pattern Jury Instructions, Criminal (2005 ed.) at 178. At Movant's trial, the Court instructed the jury that:

> One of the questions put forth in this case is whether the defendant Cynthia Valdez Shank was coerced or forced to commit the crime. Coercion can excuse a crime, but only if the following five factors are met: First, that the defendant reasonably believed there was an imminent threat of death or bodily injury to herself or others. Second, that the defendant did not recklessly or negligently place herself in a situation in which it was probable that she would be forced to choose the criminal conduct. Third, that the defendant had no reasonable legal alternative to violating the law. Fourth, that the defendant reasonably believed her criminal conduct would avoid the threatened harm. And fifth, that the defendant did not maintain the illegal conduct any longer than absolutely necessary. If you find defendant Cynthia Valdez Shank was

coerced, you must find her not guilty.

(1:07-CR-6-1, Dkt. No. 466, Trial Tr. V 981).  The jury was in fact instructed on the defense of coercion, and objection to the difference between coercion and duress nears frivolity.

The affirmative defense of coercion/duress requires an objective inquiry into whether a person's conduct, although unlawful, represented her only reasonable alternative to death or serious bodily injury.  *United States v. Dixon*, 413 F.3d 520, 523 (5th Cir. 2005).  In his closing argument, Counsel told the jury, "I anticipate the Court will instruct you on coercion and duress as an affirmative defense."  (1:07-CR-06-1, Dkt. No. 466, Trial Tr. V 918-19.)  Counsel argued that the Movant's relationship with her late boyfriend, Mr. Humphry, "was marked by control and physical abuse and emotional abuse" which are characteristics of BWS.  (1:07-CR-06-1, Dkt. No. 466, Trial Tr. V 924.)

In his affidavit, Counsel further states that he "requested the coercion instruction as opposed to the duress instruction based on counsel's strategic decision that coercion would resonate emotionally with the jury in a fashion that was more receptive to the arguments of counsel and Ms. Shank than with the term 'duress.'"  (Dkt. No. 14, Nichols Aff. 1-2.)  Counsel's strategic decision was both reasonable and "virtually unchallengeable."  *Logan*, 434 F.3d at 510 n.1.  Movant has also failed to show prejudice and how the outcome of the trial would have been different had the instruction been labeled "duress" in place of "coercion."  Because Counsel did provide the equivalent defense of coercion and because his trial strategy decisions were not objectively unreasonable, the claim is denied.

*B. Failure to consult with an expert and present evidence of BWS*

Movant next contends that Counsel was ineffective for failing to retain an expert and present evidence that she had been diagnosed with BWS. (Dkt. No. 1-1, Insert 1.) She claims that she had advised her attorney that she had completed a "court ordered evaluation" with a "psychologist"who diagnosed her with BWS and that her attorney did not hire an expert on this issue or present any evidence about it at trial. (Dkt. No. 2, Mem. 18.) Movant claims that if Counsel had done so, "there is a likelihood that there may have been a favorable outcome at trial had the jury learned that appellant was diagnosed with Battered Woman's Syndrome." (Dkt. No. 2, Mem. 20.)

In response, Counsel stated that an individual treated Movant for substance abuse "but was not necessarily qualified beyond providing treatment for substance abuse." (Dkt. No. 14, Nichols Aff. 2.) Neither does Counsel remember the service provider or ever being informed that Movant had been diagnosed with BWS. (Dkt. No. 14, Nichols Aff. 2.) Counsel avers that he directed Movant to submit to a psychological evaluation for purposes of determining whether she suffered from BWS, but that she did not do so. (Dkt. No. 14, Nichols Aff. 2.)

Even accepting Plaintiff's account, evidence of BWS is generally not admissible in federal court on the issue of coercion or duress. "Expert testimony that a person 'suffers from the battered woman's syndrome' is 'inherently subjective' and therefore inadmissible to support a defense of duress." *Dixon*, 413 F.3d at 524 (citing *United States v. Willis*, 38

9

F.3d at 170, 175 (5th Cir. 1994), *aff'd on other grounds,* 548 U.S. 1 (2006)). The Eighth Circuit has held that an attorney is not ineffective for failing to advise a client of the defense of BWS. *Gumangan v. United States*, 254 F.3d 701, 705 (8th Cir. 2001). "Courts have shown great reluctance to find that defense counsel's failure to employ the BWS constituted ineffective assistance of counsel." 2 Mod. Sci. Evidence § 13:19 (2010-2011 ed.). Therefore, Counsel in this case was not ineffective for failing to explore and present evidence on that issue.

Furthermore, even if admissible, Movant has produced no evidence that she has been diagnosed with BWS. *See United States v. Nelson*, 1998 WL 163380 (10th Cir. 1998) (affirming denial of § 2255 motion because defendant "has not established that she actually suffered from BWS."); *United States v. Barnes*, 2010 WL 2044913, *12 (N.D. Fla. 2010) (belated claim of BWS). Nor has Movant shown that expert testimony on BWS would have lead to a different result. "[T]he petitioner must produce enough evidence to demonstrate a reasonable probability that the outcome would have been different." *Goldsby v. United States*, 152 F. App'x 431, 436 (6th Cir. 2005).

*C. Failure to properly investigate*

Movant also claims that Counsel was ineffective for failing to perform adequate investigations. (Dkt. No. 1-1, Insert 1.) In general, tactical decisions are given great deference, and debatable tactics do not necessarily constitute ineffective assistance of counsel. *Samatar v. Clarridge*, 225 Fed. App'x. 366 (6th Cir. 2007). In regards to

10

investigation, defense counsel has a duty to conduct reasonable investigations or to make a reasonable decision that investigations are unnecessary. *See Sims v. Livesay*, 970 F.2d 1575, 180-81 (6th Cir. 1992) (citing *Strickland*, 466 U.S. at 691). Counsel states in his affidavit that he investigated every witness whose name Movant provided to him and retained a private investigator. (Dkt. No. 14, Nichols Aff. 3.) He further states that the investigator explored the entire neighborhood and located at least one witness who lived next door to Movant and Mr. Humphry. (Dkt. No. 14, Nichols Aff. 3.) "[A]ny situation in which counsel did not call a witness was because that witness would not be able to provide testimony consistent with counsel's theory of the case." (Dkt. No. 14, Nichols Aff. 3.) In fact, at least two witnesses were compelled to testify in court through subpoena and a writ of habeas corpus. (Dkt. No. 14, Nichols Aff. 3.) Movant's failure to provide evidence of any witnesses that were specifically mentioned and identified to Counsel and were not investigated warrants denial of her claim. *See Goldsby*, 152 F. App'x at 436 (citing *Carson v. United States*, 3 F. App'x 321, 324 (6th Cir. 2001)). Movant fails to present evidence of prejudice or any reason why the outcome would have been different if Counsel had investigated more or in another way. Counsel's strategic decisions regarding the calling of witnesses were not objectively unreasonable. Because Counsel performed reasonable investigations, he was not ineffective and the claim is denied.

*D. Failure to move for the suppression of Movant's taped statements*

Movant's final claim is that Counsel was ineffective for failing to file a motion to

11

suppress the tape recording and transcript of statements she made to detectives following Mr. Humphry's death. (Dkt. No. 1-1, Insert 1.) She claims that the recording is "rife with inaudible and unintelligible portions" that make it untrustworthy, and that the recording and transcript were prejudicial because they contained "incriminating statements." (Dkt. No. 2, Mem. 26-27.) Counsel responded that he did not object because he "made the strategic decision to draw out from the Government's witnesses those statements in the transcript that Ms. Shank allegedly made that were consistent with her claims that she was coerced by Alex Humphry to assist him in his drug distribution business." (Dkt. No. 14, Nichols Aff. 2.)

The admission into evidence of audio recordings and their corresponding transcripts is committed to the sound discretion of the trial court. *See United States v. Elder*, 90 F.3d 1110, 1129 (6th Cir. 1996). Audio recordings are generally admissible, unless the unintelligible portions are "'so substantial as to render the recording as a whole untrustworthy.'" *United States v. Robinson*, 707 F.2d 872, 876 (6th Cir. 1983) (quoting *United States v. Jones*, 540 F.2d 465, 470 (10th Cir. 1976)). Although Movant challenges Counsel's failure to move to suppress "the tape or the transcript" of the recorded statements, the record shows that no tape recordings were offered at trial because the tapes had been lost. (Dkt. No. 2, Mem. 26; 1:07-CR-06-1, Dkt. No. 464, Trial Tr. III 549-550, 556.) A witness provided foundation for the evidence and testified that the interviews were recorded, but that the tapes had been lost somewhere in the records unit of the Lansing Police Department before he retired. (1:07-CR-06-1, Dkt. No. 464, Trial Tr. III 549-550, 556.)

The interview transcripts were admitted into evidence without objection and Movant did not challenge the admissibility of the transcripts on appeal. Although Movant has access to the transcripts, she provides no evidence as to why they should not have been admissible at trial or how Counsel was ineffective in failing to move for their suppression. Furthermore, Movant fails to make any showing of prejudice. Movant must show a reasonable likelihood that Counsel could have prevailed on a motion to suppress the transcripts and that the outcome of the trial would have been different. *Jackson*, 54 F. App'x at 596; *Northrop*, 265 F.3d at 372; *Donaldson*, 379 F. App'x at 493*; Goldsby*, 152 F. App'x at 436; *United States v. Martin*, 920 F.2d 393, 397 (6th Cir. 1990). Because Movant was not prejudiced by the admission of the transcripts, and because Counsel's strategic decision to use statements therein as part of the defense, Counsel was not ineffective and the claim will be denied.

## IV.

The files and records in this case conclusively show that Movant is entitled to no relief under § 2255. Accordingly, no evidentiary hearing is required to resolve the merits of the pending motion. For the reasons stated herein, Movant's motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255 will be denied.

Pursuant to 28 U.S.C. § 2253(c), the Court must also assess whether to issue a certificate of appealability to Movant. To warrant a grant of a certificate of appealability, Movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484

(2000).  The Sixth Circuit Court of Appeals has disapproved of the issuance of blanket denials of a certificate of appealability.  *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted.  *Id.*  Upon review of each claim, the Court does not believe that reasonable jurists would find its assessment of Movant's claims to be debatable or wrong.  Accordingly, a certificate of appealability will also be denied as to each claim.

    An order and judgment consistent with this opinion shall be entered.


Dated:  November 27, 2011                          /s/ Robert Holmes Bell
                                                     ROBERT HOLMES BELL
                                                     UNITED STATES DISTRICT JUDGE